UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COASTAL CONSERVATION ASSOCIATION,

    Plaintiff,

-vs-                                      Case No. 2:09-cv-641-FtM-29SPC

GARY LOCKE, in his official capacity as Secretary
of the United States Department of Commerce;
THE NATIONAL OCEANIC and ATMOSPHERIC
ADMINISTRATION; THE NATIONAL MARINE
FISHERIES SERVICES,

    Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Intervenors, the Gulf of Mexico Reef Fish Shareholders' Alliance and the Environmental Defense Fund's (Intervenors) Motion for Leave to Intervene (Doc. #17) filed on November 20, 2009. The Plaintiff. Coastal Conservation Association filed its Response in Opposition (Doc. # 23) on December 4, 2009. The Motion is now ripe for review.

## FACTS

The Plaintiff Conservative Conservation Association (CCA) brought this action for declaratory judgment and injunctive relief against the Secretary of Commerce Gary Locke (Secretary), National Oceanic and Atmospheric Administration (NOAA), and the National Marine Fisheries Service (NMFS) (collectively Government Defendants) to challenge the Government

Defendants' decision to approve Amendment 29 to the Fishery Management Plan for Reef Fish Resources of the Gulf of Mexico. The Government Defendants in conjunction with the Gulf of Mexico Fishery Management Council (Gulf Counsel), a body which develops management measures for fish in the Gulf, implemented a fishery management plan for reef fish in 1984. The Fishery Management Plan manages the commercial and recreational fishing sectors that target reef fish under separate sets of management measures that target each fishing sector. The Plan has been amended more than twenty (20) times.

Amendment 29 establishes a system of individual fishing quotas (IFQ) for the permitted commercial sector of the Reef Fish Fishery for the Gulf of Mexico Exclusive Economic Zone (Reef Fish Fishery) for tilefish and grouper. The Plaintiff seeks to block the implementation of Amendment 29 and challenge the Government Defendants decision pursuant to the Magnuson-Stevens Fishery Conservation and Management Act as amended in 1996 by the Sustainable Fisheries Act 16 U.S.C. § 1801 *et seq*. and subsequently amended and re-authorized in 2007 (the Magnuson-Stevens Act, and the Administrative Procedures Act (APA). The Complaint alleges the Government Defendants acted arbitrarily and capriciously in the adoption of Amendment 29.

The Intervenor (Alliance) is a non-profit trade association founded in 2008 with the primary goal of protecting and advancing the interests of commercial fisherman operating under IFQ programs in the Gulf of Mexico. The EDF is a nonprofit organization that represents 700,000 members which through its Oceans Program seeks to provide innovative management to commercial and recreational fisheries such as IFQ programs. The members that constitute the Alliance/Intervenor are commercial fisherman who will receive distributions of grouper and tilefish commercial quota under Amendment 29.

## DISCUSSION

Under the Federal Rules, an intervenor may move to intervene as of right or join the case via permissive intervention. The Intervenors argue that they have the right to intervene under Fed. R. Civ. P. 24(a), or in the alternative they should be granted permissive intervention under Fed. R. Civ. P. 24(b).

### *(A) Whether Intervention should be Allowed as a Matter of Right*

Under Fed. R. Civ. P 24(a) a party has a right to intervene if the applicant has a claim or interest in the case. Rule 24 reads in pertinent part:

> [u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). Intervention as of right under Rule 24(a)(2) must be granted when four requirements are met: (1) the application to intervene is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the applicant's interest will not be represented adequately by the existing parties to the suit. Fox v Tyson Foods, Inc., 519 F. 3d 1298, 1302-1303 (11th Cir. 2008); Sierra Club, Inc. v. Leavitt, 488 F. 3d 904, 910 (11th Cir. 2007); TIG Specialty Ins. Co. v. Financial Web.com, Inc., 208 F.R.D. 336, 337 (M.D. Fla. 2002).

### *(1) Timeliness of the Intervention*

Rule 24(a) imposes a timeliness requirement on motions to intervene, however, unlike timing elements in some other Federal Rules, the actual time limits are not set out in Rule 24(a). *See* Heaton v Monogram Credit Card Bank of Georgia, 297 F.3d 416 (5th Cir. 2002) (holding that timeliness is determined from all the circumstances). Generally Courts consider four factors in making a determination of timeliness: (1) length of delay in seeking intervention; (2) prejudicial impact of such delay on the existing parties; (3) prejudice to the intervenor if intervention is denied; and (4) other factors affecting fairness in an individual case. *See* Steven Baicker-Mckee, William M. Janssen, and John B. Corr, Federal Civil Rules Handbook 2005, Pt. III 551 (West 2005) (a brief but through discussion with relevant citations of law regarding timing issues under Rule 24).

The Government Defendants filed their Answers and Affirmative Defenses on November 12, 2009. The case management scheduling conference required under Fed. R. Civ P. 26(f) has not yet taken place and no Case Management Order deadlines have been established. Therefore, the Motion to Intervene should be considered as timely filed because the case is still in its very early stages.

### *(2) Whether the Intervenor has a Legally Recongnized and Protectable Interest in the Case*

The Intervenors claim they have a legally protected interest in the outcome of the case because they lobbied extensively for and participated in the development of Amendment 29, and that they have a legally protected interest in the fish quotas allowed pursuant to Amendment 29.

### *(a) Alliance Intervenors*

Specifically, the Alliance Intervenors state they have an interest in seeing Amendment 29 implemented in its current form because members of the Alliance have an economic interest in Amendment 29. The Alliance Intervenors continue that some fishermen have already received their quotas for the season and have hired and purchased provisions in anticipation of fishing based upon those quotas. The Alliance Intervenors claim that since Amendment 29 distributes fishing quotas to individual fishermen, those fishermen's interest would be injured if the Plaintiff successfully enjoins the implementation of Amendment 29.

The Alliance Intervenor argues from <u>Sierra Club, Inc. v. United States Army Corps of Engineers</u>, 2009 WL 2525481 * 2 (M.D. Fla. August 17, 2009), that Alliances' member's economic interest in their quotas establishes a legally protectable economic interest in this case. In <u>Sierra Club</u>, the Plaintiffs, Sierra Club, Inc., Manasota-88, Inc., Gulf Restoration Network, Inc., People for Protecting Peace River, Inc., and Environmental Confederation of Southwest Florida, Inc. (collectively, "Plaintiffs") alleged the Corps failed to comply with the procedural requirements of the National Environmental Policy Act ("NEPA") and the Clean Water Act ("CWA") when issuing the Altman Permit to Mosaic. <u>Id.</u> at *1. The Plaintiff's sought to enjoin the Altman Permit from being implemented and Mosaic sought to intervene because it was the holder of the Altman phosphate mining permit. <u>Id.</u> The <u>Sierra Club</u> Court found that Mosaic had a legally protected economic interest in the litigation and granted the intervenor as of right. <u>Id.</u> at * 2.

In this case, unlike <u>Sierra Club</u>, the Plaintiff challenges the legitimacy of the procedural process by which Amendment 29 was promulgated pursuant to the APA and not whether the IFQs were properly issued. Thus, the subject matter here is a procedural process issue between the Plaintiff and

the Government Defendants regarding their alleged failure to comply with the Government's statutory obligations in promulgating Amendment 29 and not challenge to the actual IFQs.

Furthermore, the Alliance Intevernors have failed to establish they have a legally protectable or direct interest claim in this action because they claim their economic interest is at stake by virtue of the IFQs. "A legally protectable interest is something more than an economic interest." Mt. Hawley Insurance Co. v. Sandy Lake Properties, Inc., 425 F.3d 1308, 1311 (11th Cir. 2005). The Alliance Intervenors state that they lose money should Amendment 29 be overturned because they have purchased bait and hired crews based upon the IFQs they received under Amendment 29. As such, they are arguing a purely economic interest in the outcome of the case. Furthermore, the Alliance Intevenor's interest is not directly associated with issuing Amendment 29, but with the economic stake its member fishermen might have in their IFQs. As such, it is recommended the Alliance Intevenors have failed to establish they have a legally protectable or direct interest in the Governments' failure to comply with the procedural process.

*(b) EDF Intervenors*

The EDF Intervenors argue they have a legally protectable interest in the outcome of the case because they were involved in drafting Amendment 29, and because as an environmental group its members have an interest in reef fisheries, for diving, fishing and preservation purposes. However, merely because the EDF participated in lobbying for Amendment 29 does not give them a legally protectable interest. A legally protectable interest is one which substantive law recognizes as belonging to or being owned by the applicant. Id. Thus a legally protected interest is an interest that is derived from a legal right. Id.

The EDF Intervenors cite several cases from the Tenth Circuit Court of Appeals for the proposition that support its position that an environmental organization has a legal interest in an action that is the subject of the groups concern. However, the Tenth Circuit has critized its own rulings from some of the those cases cited by EDF Intervenors. *See* Wildearth Guardians v. National Park Service, 2008 WL 2668479 * 2 (D. Colo June 30, 2008) (citing *San Juan County v. U.S.*, 503 F.3d 1163, 1190-1192 (10th Cir. 2007) (noting that the Tenth Circuit has depreciated its own prior rulings as to how an interest should be interpreted). Other Courts, including the United States Supreme Court, have found that in APA cases, such as this, that the Court reviews the process taken to promulgate the rule and not the merits of that decision. Wildearth Guardians, 2008 WL 2668479 at * 2 (citing Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416, 91 S. Ct. 814, 28 L. Ed. 2d 136 (1971)).

In Wildearth, the Safari Club moved to intervene arguing that the Court's ruling in the case challenging an administrative decision by the National Park Service could effect the Safari Club's memberships hunting permits for lands adjacent to a national park lands. The Wildearth Court denied the Safari Club's Motion to intervene in the case, because it was the process that was being challenged and not the effect of the ruling on the hunter's ability to get permits to hunt elk. *See* Wildearth Guardians, 2008 WL 2668479 at * 1. Likewise here, the issue is the promulgation process and not the results created by the adoption of Amendment 29. The Court therefore, recommends that EDF has failed to establish a legally protectable interest in this case.

### (3) Whether the Intervenors will be Prejudiced if the Intervention is Denied

The Intervenors state that their interest will be harmed if they are not allowed to intervene. Specifically, the Alliance Intervenors state that their interest in the IFQs will be harmed if the quota

distribution is delayed or ended depriving the Alliance members of their ability to fish for grouper and tilefish. The EDF states if Amendment 29 does not take place on January 1, 2010 as expected the conservation benefits intended will not be achieved.

In Wildearth Guardians, the Court stated that if it were to find in the Plaintiffs favor and set aside National Parks ruling, the case would simply be remanded back to the agency for reconsideration in accord with the rules governing the promulgation of said rule. Wildearth Guardians, 2008 WL 2668479 at * 2. Thus, the situation here would similarly only revert back to the status quo as of December 31, 2009, until such time as the agency could revisit Amendment 29. The result could be the very same Amendment 29 as originally issued, or potentially more favorable to the Intervenors than before. What is more, the EDF and Alliance Intervenors would again have the opportunity to have their input in the rule making process as it had in the development of Amendment 29. Therefore, EDF is not prejudiced to a degree that would allow the Court to grant intervention.

*(4) Whether the Intervenor's Interest is Represented Adequately by the Existing Parties*

The Intervenors argue that the Plaintiffs interest is directly adverse to those of the Intervenors and therefore, the motion should be granted. *See* Trobovich v. United Mine Workers, 404 U.S. 528, 538 n. 10, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972) (holding that a party seeking to intervene need only show that "representation of his interest may be inadequate, and the burden of making that showing should be treated as minimal."). However contrary to the Intervenor's position, intervention should be allowed unless the intervenor's interest is adequately represented by the Government. In this instance, the Government's position is the same as the Intervenors. Therefore, the Intervenors fail to establish that their interests are not adequately represented by a party already in the action.

Because the Intervenors have failed to establish the criteria necessary to intervene as of right under Fed. R. Civ. P. 24(a), the Court respectfully recommends that the Motion to Intervene as of right should be denied.

### (B) Whether the Intervenor should be Allowed to Permissively Intervene

A court may grant a nonparty permission to intervene when the nonparty files a timely motion and "is given a conditional right to intervene by federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." Florida Wildlife Federation, Inc. v. Johnson, 2009 WL 248078 *2 (N.D. Fla. February 2, 2009) (citing Fed. R. Civ. P. 24(b)). A nonparty seeking to intervene with the court's permission must state an interest that is related to the action pending before the court. Mt. Hawley, 425 F.3d at 1312 (affirming the denial of a nonparty's motion for permissive intervention where the nonparty's purpose was not directly related to the underlying action). A district court has broad discretion in deciding whether to let a nonparty intervene under Rule 24(b), even when the nonparty has met the requirements of the rule. Worlds v. Department of Health & Rehabiltation Services, 929 F.2d 591, 595 (11th Cir.1991).

The Intervenors argue that they should be allowed to permissively join the action because they share questions of common fact and law with the Plaintiff and the defenses raised by the Intervenor. The Intervenors state that the Plaintiff alleges that Amendment 29 fails to meet certain requirements of the Magnuson-Stevens Act and other law. The Intervenors dispute the Plaintiff's allegations and will argue that Amendment 29 was developed in accordance with applicable legal standards and must be implemented without delay. The Intervenors also plan to argue that Amendment 29 is necessary to comply with statutory deadlines under 16 U.S.C. § 1853 which requires the Defendants to set the annual catch limits for certain reef fish by 2010.

The Government Defendants also intend to argue that Amendment 29 meets the requirements of the Magnuson-Stevens Act. the Courts have presumed that the would-be intervenor has adequate representation where an existing party seeks the same goal as the proposed intervenor,. Sierra Club v. Leavitt, 488 F.3d 904, 910 (11th Cir. 2007). Since the Intervenors have the same goals as the Government Defendants, it is respectfully recommended that the Motion to Intervene Permissively should be denied.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Intervenor, the Gulf of Mexico Reef Fish Shareholders' Alliance's Motion for Leave to Intervene (Doc. #17) should be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** at Fort Myers, Florida, this __19th__ day of January, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record