```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION


COASTAL CONSERVATION ASSOCIATION,

            Plaintiff,

vs.                                    Case No. 2:09-cv-641-FtM-29SPC

GARY LOCKE, in his official capacity
as Secretary of the United States
Department of Commerce; THE NATIONAL
OCEANIC   and   ATMOSPHERIC
ADMINISTRATION; THE NATIONAL MARINE
FISHERIES SERVICES,

            Defendants.

THE  GULF  OF  MEXICO  REEF  FISH
SHAREHOLDERS'    ALLIANCE;    THE
ENVIRONMENTAL DEFENSE FUND,

       Intervenor-Defendants.
_____

BRIAN E. LEWIS; TROY FUSSELL,

            Plaintiffs,

vs.                                    Case No. 2:10-cv-95-FtM-29SPC

GARY LOCKE, in his official capacity
as Secretary of the United States
Department of Commerce; NATIONAL
OCEANIC   AND   ATMOSPHERIC
ADMINISTRATION;  NATIONAL  MARINE
FISHERIES SERVICE,

            Defendants.
_____
```

**OPINION AND ORDER**

On January 19, 2010, United States Magistrate Judge Sheri Polster Chappell submitted a Report and Recommendation (Doc. #25)

to the Court recommending that The Gulf of Mexico Reef Fish Shareholders' Alliance and the Environmental Defense Fund's Motion to Intervene (Doc. #17) be denied. Objections to Report and Recommendation by The Gulf of Mexico Reef Fish Shareholders' Alliance and the Environmental Defense Fund (Doc. #33) were filed on February 16, 2010, to which Coastal Conservation Association's Response (Doc. #36) was filed on March 3, 2010. The defendants did not file a response, and the time to do so has expired.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**II.**

The Court adopts the first three pages of the Report and Recommendation, as well as its finding of timeliness on page four. In the undersigned's view, the matter comes down to whether Coastal Conservation Association is correct in its assessment that "this case is about <u>procedural</u> rights of the <u>recreational</u> fishermen CCA represents, not the substantive rights of the environmentalists or commercial fishermen." (Doc. #36, p. 1)(emphasis in original). A review of the Complaint (Doc. #1) convinces the Court that this assessment is not sufficiently correct to justify denial of permissive intervention.

The Complaint (Doc. #1) alleges that Amendment 29 of the Reef Fish Management Plan for Reef Fish Resources of the Gulf of Mexico is unlawful because it established a system of individual fishing quotas (IFQs) for the permitted commercial sector of the Reef Fish Fishery without any analysis of the system's impact on any other users in the same fishery. (<u>Id.</u> at ¶¶ 2, 5.) The Complaint alleges that this failure to consider the effects of Amendment 29 upon anything but the permitted commercial sector of the Reef Fish Fishery violated both substantive statutes and the Administrative Procedures Act. (<u>Id.</u> at ¶¶ 6, 9, 46, 54, 56-62, 63-66, 67-68.) Additionally, the Complaint alleges that Amendment 29 exceeds its statutory authority (<u>id.</u> at ¶ 7), has created property rights which

are illegally discriminatory (id. at ¶ 38), and conflicts with other regulations (id. at ¶ 39).

Drawing the line between a matter of procedure and a matter of substance can be complex, but the test is whether a rule will "really regulat[e] procedure,--the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., __ S. Ct. _____, 2010 WL 1222272, *8, 2010 U.S. LEXIS 2929, *25 (Mar. 31, 2010)(quoting Sibbach v. Wilson & Co., 312 U.S. 1, 15 (1941)). The Court is satisfied that the claim that defendants failed to consider all the relevant factors, i.e., failed to consider the system's impact on any other users in the same fishery, is a matter of substance under at least the Administrative Procedures Act. E.g., Alabama-Tombigbee Rivers Coalition v. Kempthorne, 477 F.3d 1250, 1254 (11th Cir. 2007). It does not relate to the process of the administrative proceedings, but to what was substantively considered during those proceedings. The Court also concludes that the interveners have overcome the weak presumption, Sierra Club, Inc. v. Leavitt, 488 F.3d 904, 910 (11th Cir. 2007), that the existing defendants are adequate representatives. The interveners have presented sufficient evidence that the governmental defendants may not pursue the same objectives as the interveners, and that the government's general interest in getting a difficult situation resolved properly may not

result in adequate representation to their specific interests. Accordingly, the Court finds defendants should be allowed to permissively intervene as defendants.

Accordingly, it is now

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. # 25) is **accepted and adopted in part and rejected in part.**

2. Interveners The Gulf of Mexico Reef Fish Shareholders' Alliance and the Environmental Defense Fund's Motion to Intervene (Doc. #17) is **GRANTED** and the Gulf of Mexico Reef Fish Shareholders' Alliance and the Environmental Defense Fund may intervene as defendants. The Clerk shall file the Answer of Defendant-Intervenors (Doc. #17-3) separately on the docket.

3. The parties shall utilize the above caption for all future filings.

**DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of April, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
Counsel of Record