UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COASTAL CONSERVATION ASSOCIATION,

        Plaintiff,

-vs-                                    Case No. 2:09-cv-641-FtM-29SPC

GARY LOCKE, in his official capacity as Secretary
of the United States Department of Commerce;
THE NATIONAL OCEANIC and ATMOSPHERIC
ADMINISTRATION; THE NATIONAL MARINE
FISHERIES SERVICES,

        Defendants.
_____

BRIAN E. LEWIS; TROY FUSSELL,

        Plaintiffs,
_____

## ORDER

This matter comes before the Court on the Plaintiff, Coastal Conservation Association's Motion to Compel the Completion of the Administrative Record (Doc. #30) filed on February 11, 2010. The Defendants Gary Locke, The National Oceanic and Atmospheric Administration (NOAA) and the National Marine Fisheries Service's (the Government) filed its Response in Opposition (Doc. # 30) on March 1, 2010. The Motion is now ripe for review.

The Government submitted the amended Administrative Record containing 13,160 pages of documents, including background materials on the Reef Fish FMP, information developed by the Gulf Counsel, and information developed by National Marine Fisheries Service (NMFS). The Plaintiff claims the Administrative Record is incomplete. The Plaintiff contends the record was filed

in a disjointed manner that made it impossible to follow and that important documents were missing from the record including reports, minutes of meetings, meeting notes, emails, records of telephone conversations, and related items.

The Plaintiff further contends that it is virtually impossible for it or the Court to determine which documents were reviewed in connection with which meeting of the Gulf Council, and to determine whether (a) earlier materials were superseded by more accurate materials at a later date and (b) whether gaps in the materials or questions posed were subsequently provided to the Gulf Council as part of their review of Amendment 29. The Plaintiff continues that it appears as though certain relevant documents referenced in the agenda and that meeting minutes have been omitted from the Administrative Record. Finally, the Plaintiff argues, the Administrative Record is devoid of necessary deliberative documents that Defendants were obligated to include.  The Government responds that the Administrative Record as amended on December 22, 2009, is complete.

While the Plaintiff states that it wants the missing documents compelled, it fails to state what specific documents are missing, and bases its claim upon speculation that the Government used more documents to deliberate and make its determination than those included in the Administrative Record.  In order to compel documents, the Plaintiff must first have asked for the documents from the Government via discovery. Fed. R. Civ. P. 37.  However, because this action is a Track 1 record review, no discovery is allowed.  What the Plaintiff is actually requesting is to supplement the record.

In an APA case, such as this,  the Court decides the case on the basis of the record the agency provides, whether the actions pass muster under the appropriate APA standard of review. <u>Ocean Conservancy v Evans</u>, 260 F. Supp. 2d 1162, 1168 (M.D. Fla. 2003) (citing <u>Loggerhead Turtle v.</u>

County Council of Volusia County, 120 F. Supp. 2d 1005, 1013 (M. D. Fla. 2000)). Thus, the Court must review whether or not there is good cause to supplement the record.

When reviewing administrative agency action, the "task of the reviewing court is to apply the appropriate ... standard of review ... to the agency decision based on the record the agency presents to the reviewing court." Miccosukee Tribe of Indians v. U.S., 396 F.Supp.2d 1327, 1330 (S.D. Fla. 2005) (citing Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-4, 105 S. Ct. 1598, 84 L. Ed.2d 643 (1985)). Indeed, "[t]he reviewing court is generally not empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry ... [The court is] to decide, on the basis of the record the agency provides, whether the action passes muster under the appropriate APA standard of review." Miccosukee Tribe of Indians, 396 F.Supp.2d at 1330 (quoting Lorion, 470 U.S. at 744). Thus, "while certain circumstances may justify going beyond the administrative record, a court conducting a judicial review is not 'generally empowered to do so.' " Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Engineers, 87 F.3d 1242, 1246 (11th Cir.1996). The "certain circumstances" permitting supplementation of the administrative record referenced by the Court of Appeals include cases where: "(1) an agency's failure to explain its action effectively frustrates judicial review; (2) it appears that the agency relied on materials not included in the record; (3) technical terms or complex subjects need to be explained; or (4) there is a strong showing of agency bad faith or improper behavior." Id. at 1246 n. 1 (citing Animal Defense Council v. Hodel, 840 F.2d 1432, 1436-7 (9th Cir.1988)). *See* Miccosukee Tribe of Indians of Florida v. United States, 1998 WL 1805539, \*14 (S.D. Fla. September 14, 1998) (same).; Kirkpatrick v. White, 351 F. Supp.2d 1261, 1271-2 (N.D. Ala.2004) (same).

*(1) Whether the Agency's Failure to Explain Its Action Effectively Frustrates Judicial Review*

The Plaintiff argues that the Administrative Record is organized in such a manner as to confuse both the Court and the Plaintiff. The Government submitted the Administrative Record in chronological order. The Plaintiff states that the reason the Government submitted the Administrative Record in chronological order was to create confusion. The Plaintiff alleges that by submitting the Administrative Record in chronological order, the Government scattered the briefing books used at each hearing throughout the Administrative Record. The Plaintiff claims the briefing books, the pages regarding each subject, the reference tabs, and meeting agendas, are so scattered throughout the Administrative Record that they can never be reconstructed.

The Plaintiff requested that the Government provide them with copies of the briefing books as they were used during the hearings, but the Government has refused the request. Instead the Government directed the Plaintiff to its various web cites where the books were available. However, the Plaintiff argues that the books on line are not the same as those used during the hearings on Amendment 29. For example, the Plaintiff states that it cannot tell whether or not the Government considered a document that referenced the recreational fishing sector in regards to establishing fishing quotas (IFQ) pursuant to Amendment 29, because the materials are scattered throughout the Administrative Record. As such, the Plaintiff states that it cannot tell what documents were reviewed by whom and when those documents were reviewed.

The Plaintiff argues the Administrative Record should be submitted in the manner in which the Government considered the opinions, briefing books, and documents in the decision making process and not in chronological order. Thus, making it easier for them to cross reference the

various topics considered , such as the impact of recreational fishing, on the Government's final determination.

The Plaintiffs claim that the Administrative Record is not organized as the Plaintiff desires lacks merit. While the Plaintiff states that even the chronological order is out of place, its own Motion demonstrates that the Administrative Record only has twelve pages that are not in strict chronological order out of the over thirteen thousand (13,000) pages submitted. Furthermore, the fact that the Administrative Record is in chronological order is not organized as the Plaintiff would like is not sufficient grounds to compel a new record or supplement the existing one.

### *(2) Whether Documents were Erroneously Left Out of the Record*

Under the Administrative Procedures Act (APA) 5 U.S.C. § 706 the Court is limited to reviewing the administrative record which the agency used in reaching its determination. The issue is not whether or not the agency had access to the documents, but whether or not the agency made its determination based on the record the agency provided to the Court, and whether the action passes muster under the appropriate APA standard of review. Miccosukee Tribe of Indians, 396 F. Supp.2d at 1330.

The Plaintiff argues that important documents they wish to compel or supplement the record with were left out of the Administrative Record including e-mails, meeting minutes and notes, and relevant deliberative documents. Thus, the Plaintiff asserts that effective judicial review in this case will be hampered unless the Court orders the Government to complete the Administrative Record by adding all of the materials generated through the development of Amendment 29 which purport to establish the basis for the IFQ system under Amendment 29 and compliance with the appropriate regulations that are the subject of this litigation. This includes the documents referenced within the

Administrative Record as well as the omitted reports, minutes, meeting notes, emails, conversation notes, and other documents reflecting the discussions and deliberations of the Defendants in adopting Amendment 29. Accordingly, the Plaintiff moves the Court to compel Defendants to file a complete Administrative Record without delay.

The Plaintiff argues that the Administrative Record lacks sufficient documentation between the Government and representatives of the Environmental Defense Fund (EDF). The Plaintiff names the individuals from the EDF who testified at hearings and meetings before the Gulf Council, the length of their testimony, and noted that the EDF was extensively involved in the development of Amendment 29. Yet, the Plaintiff argues that despite all of the EDF's involvement, the Administrative Record only contains minimal documentation of the EDF's involvement. The Plaintiff then states that the only explanation is that the communications between the EDF and the Government were behind the scenes and the Government scrubbed the record clean of the EDF's contributions.

However, the Plaintiff fails to explain how the agency's failure to include the proposed documents effectively frustrates judicial review. While the EDF's testimony is not fully included, the information concerning the EDF's opinion is included in the Administrative Record. As noted above, it is the documents used to make the determination and not all of the documents in the Government's possession that comprises the Administrative Record before the Court. Miccosukee Tribe of Indians, 396 F. Supp.2d at 1330. NOAA's Administrative Guidelines are clear that the information sought by the Plaintiff in this case is not required to be included in the administrative record. According to the Government, the Guidelines specifically set forth the essential documents to be submitted in an Administrative Record. (Doc. # 35, p.3). Essential documents include:

documents material to the decision facing the agency; decision files for earlier, similar decisions, if material; background documents, directives, and manuals where central to the decision; comments received during the public review process and responses to those comments; summaries of meetings with members of the public and any recorded minutes; information from relevant web sites relied on; and the final decision of NOAA (Doc. # 35, p.3). The Plaintiff states that items such as emails, working document drafts, internal staff communications and discussions, and internal briefing materials were left out of the Administrative Record making the Record incomplete. (Doc. # 35, p.3).

The Plaintiff cites to the Department of Justice memorandum that says deliberative documents such as emails *et. al.* should be included in the Administrative Record. However, the Department of Justice issued a memorandum, after the 1999 memorandum, stating that the Administrative Agency was in charge of their own administrative records and the material that would be included in the record. (Doc. # 35, Ex. 4). Thus, the Department of Justice has refuted the position taken by the Plaintiff. Additionally, the case law in this Circuit has found that deliberative documents and documents used by the agency during its internal discussions should not be included in the Administrative Record because it would chill the agency's decision making process. *See* Moye, O'Brien, O'Rourke, Hogan, & Prickert v. National R.R. Passneger Corp., 376 F.3d 1270, 1278 (11th Cir. 2004) (holding that the disclosure of deliberative documents would inhibit the agency's decision-making process and discourage candid discussion within the agency and, thereby, undermine the agency's ability to perform its functions). Thus, based upon the Department of Justice's opinion on the issues and the Eleventh Circuit's opinion in Moye, the Motion to Compel and/or supplement the Administrative Record is due to be denied.

Furthermore, the Plaintiff's arguments are based mainly on conjecture that they believe or know the documents exist and that the Government must have relied on them to make its IFQ determinations under Amendment 29. Such speculation is too vague to compel the Government to supplement the Administrative Record. Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Engineers, 87 F.3d 1242, 1246 (11th Cir.1996). As such, the Plaintiff fails to establish good cause to have the unspecified documents compelled or used to supplement the record.

### *(3) Whether There are Technical Terms or Complex Subjects that Need to be Explained*

The Plaintiff does not claim that the Government omitted information containing technical terms or complex subjects other than to state that the issues are complex and the Government's omissions will confuse the issues on the Court's review. However, the Court has determined that there are no omissions nor deliberate attempts to confuse the issues by the Government.

### *(4) Whether the Government Acted in Bad Faith*

Finally, there is no showing by the Plaintiff that the Government acted in bad faith. Consequently, the Plaintiff has failed to meet its burden under the Eleventh Circuit's standard.

### **CONCLUSION**

The Plaintiff has failed to meet its burden under the Eleventh Circuit's standard set forth in Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Engineers. Therefore, the Motion to Compel and/or to Supplement the Record is denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Coastal Conservation Association's Motion to Compel the Completion of the Administrative Record (Doc. #30) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   12th   day of April, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record